UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RYAN NAVRATIL, NICHOLAS LUHMANN, PAUL KNUTSON, CHRISTOPHER MALZ, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>NANCY JOHNSTON, *Executive Director, Minnesota Sex Offender Program*, SHIREEN GANDHI, *Temporary Commissioner of the Minnesota Department of Human Services, in their official capacities*,<br><br>Defendants. | Civil No. 25-1175 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS** |

Daniel E. Gustafson, Gabrielle Kolb, **GUSTAFSON GLUEK PLLC,** 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Plaintiffs.

Aaron Winter, Benjamin C. Johnson, João C.J.G. De Medeiros, **OFFICE OF THE MINNESTOA ATTORNEY GENERAL**, 445 Minnesota Street, Suites 600, 1100, 1400, Saint Paul, MN 55101, for Defendants.

Plaintiffs Ryan Navratil, Nicholas Luhmann, Paul Knutson, and Christopher Malz are civilly committed to the Minnesota Sex Offender Program ("MSOP"). Plaintiffs allege that Defendants—Nancy Johnston, Executive Director of the MSOP, and Shireen Gandhi, Temporary Commissioner of the Department of Human Services ("DHS")—violated

Plaintiffs' procedural due process rights under the United States and Minnesota Constitutions by failing to transfer Plaintiffs to Community Preparation Services facilities within a reasonable time following the entry of a valid state court order authorizing transfer.

Defendants now move to dismiss. Defendants seek dismissal of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs have failed to adequately state a procedural due process claim, and under Fed. R. Civ. P. 12(b)(7), arguing that Plaintiffs have failed to join necessary parties under Fed. R. Civ. P. 19. Defendants also move to dismiss Plaintiffs' state constitutional claim as barred by the Eleventh Amendment.

The Court will grant in part and deny in part Defendants' Motion to Dismiss. Because the Eleventh Amendment precludes federal courts from enjoining state officials to conform their conduct to state law, the Court will dismiss Plaintiffs' procedural due process claims under the Minnesota Constitution. But because Plaintiffs have adequately alleged that they have been deprived of a constitutionally protected liberty and property interest without due process and because Defendants' arguments under Rule 12(b)(7) fail, the Court will deny the remainder of Defendants' Motion to Dismiss.

## BACKGROUND

### I. FACTS

Plaintiffs in this case are civilly committed to the MSOP to receive sex offender treatment. *See* Minn. Stat. § 246B.02. The Court has described the procedures related to the MSOP program that are relevant to this case at length in cases concerning similar claims and therefore will not do so again here. *See Rud v. Johnston*, No. 23-486, 2025 WL 2636455 at *1–3 (D. Minn. Sept. 12, 2025) (order on motions for summary judgment); *Rud v. Johnston*, No. 23-486, 2023 WL 6318615 at *1–3 (D. Minn. Sept. 28, 2023) (order on motion to dismiss). Between August 2024 and January 2025, Plaintiffs each received a valid order by a Commitment Appeal Panel ("CAP") entitling them to be transferred from one of the MSOP's more secure facilities to a less-secure Community Preparation Services ("CPS") facility. (Compl. ¶¶ 25–28, Mar. 31, 2025, Docket No. 1.) *See McDeid v. Johnston*, 984 N.W.2d 864, 868 (Minn. 2023) (recognizing the "right to transfer to CPS within a reasonable time of [a] CAP transfer order[]").

### II. PROCEDURAL HISTORY

Plaintiffs initiated this action in March 2025, alleging that "Defendants violated Plaintiffs' rights by failing to transfer Plaintiffs to CPS facilities within a reasonable time after entry of a valid state court order." (Compl. ¶ 1.) Plaintiffs allege violations of their procedural due process rights under both the United States and Minnesota Constitutions. (Compl. ¶ 2.)

In April 2025, Defendants filed a motion to dismiss. (Mot. Dismiss, Apr. 23, 2025, Docket No. 6.) Defendants first seek dismissal under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs have failed to properly state a procedural due process claim. Defendants also move for dismissal under Fed. R. Civ. P. 12(b)(7), on the grounds that Plaintiffs have failed to join necessary parties under Fed. R. Civ. P. 19. Finally, Defendants argue that even if the Court does not dismiss Plaintiffs' entire complaint, their due process claim under the Minnesota Constitution is barred by the Eleventh Amendment to the U.S. Constitution.

## DISCUSSION

### I.      STANDARD OF REVIEW

#### A.      Fed. R. Civ. P. 12(b)(6)

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v.*

*Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include "more than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**B.     Fed. R. Civ. P. 12(b)(7)**

A party moving for dismissal under Rule 12(b)(7) for failure to join a necessary party must demonstrate that the absent party is both "necessary" and "indispensable."  Under Fed. R. Civ. P. 19(a), a party is "necessary" to the litigation if the party's absence will prevent the Court from affording complete relief, if the missing party's interests will be harmed, or if an existing party would be left with conflicting obligations.  Fed. R. Civ. P. 19(a).  Once the Court concludes that a party is necessary, the Court considers whether, in equity and good conscience, the action should proceed among the parties that are able to be joined to the litigation.  Fed. R. Civ. P. 19(b).  The absent parties are then deemed "indispensable," only if the Court concludes that it is not feasible to join them to the litigation, and the litigation should be dismissed given their absence.  *See Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 118 (1968) ("Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation.").

### C. Procedural Due Process

"To set forth a procedural due process violation, a plaintiff, first, must establish that his protected liberty or property interest is at stake." *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 817 (8th Cir. 2011) (citation omitted). If a plaintiff asserts a cognizable protected liberty or property interest, then the Court "consider[s] what process is due by balancing the specific interest that was affected, the likelihood that the [MSOP] procedures would result in an erroneous deprivation, and [the MSOP's] interest in providing the process that it did, including the administrative costs and burdens of providing additional process." *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332–35 (1976)).

## II. DEFENDANTS' MOTION TO DISMISS

### A. Fed. R. Civ. P. 12(b)(6)

Defendants move to dismiss Plaintiffs' entire complaint under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs have not adequately alleged a violation of the Due Process Clause. Defendants make three general 12(b)(6) arguments: first, that Plaintiffs do not actually seek additional process, and therefore do not allege a procedural due process claim; second, that Defendants' temporary inability to effectuate transfer orders does not deprive Plaintiffs of their rights, because Defendants are balancing competing obligations lawfully; and third, that Plaintiffs have access to other procedures that are sufficient to satisfy due process. Because many of Defendants' arguments were rejected in recent

orders from the Court in a similar case, and because the remainder of Defendants' arguments also fail, the Court will deny Defendants' Rule 12(b)(6) motion.

The Court will address Defendants' three central arguments in turn.

First, Defendants argue that Plaintiffs do not plausibly allege a procedural due process violation. Defendants contend that Plaintiffs are not requesting additional process but rather merely challenge the delay in executing their transfer orders, and that the Complaint therefore does not actually allege a procedural due process claim.

The Court recently rejected a nearly identical argument in *Rud,* 2023 WL 631861, and does so again here. In *Rud*, plaintiffs "allege[d] that they ha[d] 'received no due process of law with respect to [d]efendants' delay and refusal to comply with the CAP order,'" and the Court concluded that those allegations "adequately support[ed] a procedural due process violation at the motion to dismiss stage." *Rud*, 2023 WL 6318615 at *6. As in *Rud*, the Court concludes that Plaintiffs in this case do not merely allege a deprivation of a protected right—their allegations concern whether "the State circumscribed the deprivation with constitutionally adequate procedures." *Parrish v. Mallinger,* 133 F.3d 612, 615 (8th Cir. 1998). The Court considers Plaintiffs' allegations sufficient to state a procedural due process claim at the motion to dismiss stage. (*See* Compl. ¶ 42.)

Second, Defendants argue that even if Plaintiffs possess a constitutional property interest in the effectuation of a CAP transfer order within a reasonable time,[1] Defendants have complied with the traditional common-law rule for reconciling equal claims to that property interests, and thus have not deprived Plaintiffs of their right to transfer within a reasonable time.  Defendants support this theory by first asserting that an individual in possession of a valid CAP transfer order should be considered a "tenant in common" with an equal legal claim to that property interest alongside all other transfer order recipients. (Defs.' Mem.  Supp. Mot. to Dismiss ("Defs.' Mem.") at 11–12, April 23, 2025, Docket No. 9.)  Defendants then argue that the lawful way to reconcile the competing claims of each tenant-in-common is to apply a "first-in-time" principle, under which government officials are expected to settle competing claims in the order in which they are received.[2] Defendants allege that the waitlist is therefore a lawful way to settle the competing CAP transfer orders given the limited space at the CPS facility.

---

[1] Defendants also argue that the timeliness component is not actually part of the property right itself.  The Court in *Rud* expressly held that the property right encompasses the right to be transferred in a reasonable time.  *See* 2025 WL 2636455 at *5 ("Plaintiffs have a protected liberty and property interest in being transferred to CPS **within a reasonable amount of time**." (emphasis added)).  The Court thus rejects Defendants' argument here.

[2] In support of the first-in-time theory, Defendants cite cases such as *Albrecht v. Long*, 25 Minn. 163, 171 (Minn. 1878), in which the Minnesota Supreme Court held that "[u]pon several executions in favor of different creditors against the same debtor, it is his duty to the creditor in that first delivered, to execute that first; and to the creditor in the second, to execute that second; and so through them all."

Defendants' creative first-in-time theory is insufficient to support dismissal at this stage. Each patient in possession of a CAP transfer order not only has a "protected liberty and property interest in being transferred to CPS," but to be transferred "within a reasonable amount of time." *Rud,* 2025 WL 2636455 at *5; *see McDeid*, 984 N.W.2d at 877–79. The nature of alleged deprivation here is different than in the cases Defendants cite because, as noted in *Rud*, "[u]nlike a temporary loss of a money judgment, where the money can be recovered in full eventually, MSOP patients cannot get lost time back due to any delay in transfer. This distinction is critical." 2025 WL 2636455 at *5. Although the bounds of a "reasonable amount of time" remains a disputed question of fact, it is "clear that Plaintiffs are entitled to be transferred to CPS within a reasonable amount of time, and that an unreasonable delay deprives them of that interest." *Id.* The Court declines at this stage to conclude that a deprivation has not taken place—in other words, that Defendants effectuated Plaintiffs' transfer orders within a reasonable time as a matter of law—simply because Defendants' chosen mechanism to resolve competing claims may resemble methods previously utilized by other government entities to handle competing property interests.

Finally, Defendants argue that even if Plaintiffs have been deprived of a protected right, Plaintiffs possess sufficient post-deprivation process such that their procedural due process claims must fail. Defendants have conceded that considering the Court's recent

order in *Rud*, several of their arguments here are unavailing.³  But Defendants do raise one new theory in their reply brief⁴—that Plaintiffs can challenge their position on the waitlist under Minn. Stat. § 13.04, subd. 4, which provides that "[a]n individual subject of [government] data may contest the accuracy or completeness of public or private data about themselves."  Section 13.04 authorizes individuals to submit a written notice to the government entity in possession of the data, and the relevant government authority must respond within 30 days.  Minn. Stat. § 13.04, subd. 4(b)–(c).  The statute also creates an appeal process.  *Id.*, subd. 4(d)–(g).

The Court concludes that any procedural protections provided by Minn. Stat. § 13.04 are not sufficient to support Defendants' motion to dismiss.  Section 13.04 provides Plaintiffs with a mechanism to challenge only clerical or administrative errors that may result in an incorrect placement on the waitlist, which the Court concludes does not constitute a sufficient "opportunity to be heard" before being deprived of their protected liberty and property interests.  *See Mathews,* 424 U.S. at 333.

---

³ *See Rud*, 2025 WL 2636455 at *7 ("[T]here is no opportunity for Plaintiffs to be heard.  The only procedure Defendants point to through which Plaintiffs may challenge their delay in transfer . . . comes in the form of contempt proceedings, but the Court has already rejected such proceedings as sufficient process.").

⁴ Generally, the Court does not entertain arguments made for the first time in a reply brief, but it will address it briefly because the argument was discussed at hearing on the Defendants' motion to dismiss.  *See, e.g.*, *Louis DeGidio, Inc. v. Indus. Combustion, LLC*, No. 19-2690, 2019 WL 6894437, at *3 n.2 (D. Minn. Dec. 18, 2019).

For all these reasons, the Court will deny Defendants' motion to dismiss under Rule 12(b)(6).

### B.     Fed. R. Civ. P. 12(b)(7)

Defendants next seek dismissal under Fed. R. Civ. P. 12(b)(7), arguing that Plaintiffs failed to join necessary parties under Fed. R. Civ. P. 19.  Relying on the tenants-in-common theory outlined above, Defendants posit that because "any property interest Plaintiffs hold with respect to placement at CPS, they hold as tenants in common with every other holder of a legally effective CAP transfer order," then "[t]he absence of the other co-tenants from this proceeding thus impedes the Court's ability to 'accord complete relief' among the present parties."  (Defs.' Mem. at 27.)  They argue that every other holder of a CAP transfer order must therefore be joined as a party.

Defendants' Rule 12(b)(7) motion to dismiss fails for at least two reasons.  First, dismissal under Rule 12(b)(7) is appropriate only when a party the Court determines is necessary under Rule 19 cannot feasibly be joined to the litigation, thereby making the party "indispensable."  *See Provident Tradesmens Bank & Tr. Co.*, 390 U.S. at 118.  Accordingly, even if the Court concluded necessary parties were absent, the question of whether those parties could be joined to the litigation would remain, and dismissal would be premature.

Second, the Court concludes that the other holders of valid CAP orders are not necessary to this action.  Defendants argue that "the Court cannot order MSOP to move a Plaintiff to a higher place on the waiting list or to establish an appellate process leading

-11-

to such an outcome without overriding the interests of those on the list who are leapfrogged." (Defs.' Mem. at 28.) But Plaintiffs are not asking Court to order that Plaintiffs be moved higher on the waitlist—they seek procedural protections pertaining to their waitlist status. Because providing Plaintiffs with additional process before the denial of their right to transfer within a reasonable time would not harm the interests of the other holders of CAP transfer orders, and because complete relief does not require the presence of the additional parties, the Court determines that they are not necessary under Rule 19.

## C. Plaintiffs' State Constitutional Claim

In addition to their federal constitutional claim, Plaintiffs allege violations of their due process rights under Article I, Section 7 of the Minnesota Constitution. Defendants seek to dismiss this state constitutional claim as barred under the Eleventh Amendment to the U.S. Constitution.

The Eleventh Amendment generally prohibits federal courts from hearing cases in which "a plaintiff alleges that a state official has violated *state* law." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (emphasis in original).[5] The Supreme Court has held as such because "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform

---

[5] *See also Greene v. Dayton*, 806 F.3d 1146, 1149 (8th Cir. 2015) ("[T]he Eleventh Amendment bars our court from ordering state officials to conform their conduct to state law.").

their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Id*.

Plaintiffs seek an injunction against state officials for violations of the state constitution. The Eleventh Amendment bars the Court from affording such relief, and the Court will grant Defendants' motion to dismiss Count I of Plaintiffs' Complaint to the extent it is based on violations of the Minnesota Constitution.

## CONCLUSION

Defendants' Motion to Dismiss will be granted in part and denied in part. Plaintiffs' state constitutional claim is barred by the Eleventh Amendment and will be dismissed with prejudice. Plaintiffs' procedural due process claims under the U.S. Constitution will proceed.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 6] is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Plaintiffs' claim of a violation of Procedural Due Process under the Minnesota Constitution in Count I is **DISMISSED with prejudice**.

   b. Defendants' Motion to Dismiss is **DENIED** as to the remainder of Count I.

DATED: October 31, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge